*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SMB.

---

STACEY BATZER,

        Petitioner-Appellee,

v

SMB,

        Respondent-Appellant.

---

UNPUBLISHED
December 18, 2024
8:32 AM

No. 370551
Washtenaw Probate Court
LC No. 23-000703-MI

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Respondent appeals as of right the probate court order granting the petition for a second involuntary mental-health treatment order. Respondent was committed for up to 90 days of combined hospitalization and assisted outpatient treatment. We affirm.

Respondent was hospitalized multiple times over the course of three years for paranoia and hallucinations. A court liaison filed an initial petition for mental-health treatment in September 2023, and the probate court granted the petition through an order expiring after 180 days, with initial hospitalization for up to 60 days. In January 2024, a social worker filed a second petition for involuntary mental-health treatment. At the hearing on the second petition, a psychiatrist who examined respondent and her medical history testified that respondent had a thought disorder of schizophrenia and cited respondent's multiple hospitalizations and refusal to take medication as reasons in support of the second order. Respondent also testified and denied that she needed medication. The probate court determined that respondent required treatment under MCL 330.1401(1)(a), (b), and (c), and entered a second order for mental-health treatment on March 27, 2024, not to exceed 90 days of combined hospitalization and assisted outpatient treatment. Respondent now appeals as of right, arguing that there was not clear and convincing evidence that respondent required a second mental-health treatment order.

"This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (citation and quotation marks omitted). We will

-1-

find an abuse of discretion if the lower court "chooses an outcome outside the range of reasonable and principled outcomes." *Id.* (citation omitted). And a factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

The Mental Health Code, MCL 330.1001 *et seq*., contains the specific procedures for obtaining second or continuing orders for involuntary mental-health treatment. See MCL 330.1473. Before entering a second or continuing order for involuntary treatment, the court must first find that the respondent "continues to be a person requiring treatment . . . ." MCL 330.1472a(4). See also *Portus*, 325 Mich App at 385.

MCL 330.1401(1) provides, in relevant part, that the phrase "person requiring treatment" can mean any one of these three definitions:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401]

" 'Mental illness' means a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). "A judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465. See also *Portus*, 325 Mich App at 385. "Evidence is clear and convincing when it produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established" and the evidence is "so clear, direct and weighty and convincing" as to allow the court "to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (quotation marks and citation omitted).

At the conclusion of the hearing, the probate court made the following findings:

> Well, given the experiences over the last six months or so, I understand the need for the order.

I am satisfied that [respondent] is an individual in need of treatment due to the mental illness, schizophrenia; and as a result of that illness, she can be reasonably expected within the near future to intentionally or unintentionally seriously physically injure herself or others and has made—has engaged in acts or made significant threats substantially supportive of that expectation.

Additionally, as a result of the illness, she's not able to attend to the basic physical needs that must be attended to in order to avoid serious harm in the near future and has demonstrated that inability.

Finally, her judgment is so impaired by the illness that she lacks the understanding of her need for treatment, which has caused her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary on the basis of competent clinical opinion to prevent a relapse or a harmful deterioration of her condition; thus, presenting a substantial risk of significant physical or mental harm to herself or others.

We conclude that the probate court did not abuse its discretion by relying on a psychiatrist's testimony to conclude, by clear and convincing evidence, that respondent was a person in need of treatment under MCL 330.1401(1)(a), (b), and (c).

First, the psychiatrist's testimony was clear and convincing in demonstrating that respondent was a person in need of treatment under MCL 330.1401(1)(a). The psychiatrist testified that respondent poured bleach around her home and that she carried a knife because of her paranoia. As the probate court noted, it was not the mere use of bleach that concerned the psychiatrist but the amount that she was using, which could harm her if she ingested it after it got near her food. As respondent's counsel clarified, it is not illegal to carry a knife but when considered with her history of paranoia and hallucinations and refusal to take her medication, there is a "reasonable expectation" that respondent could "physically injure" herself or others. MCL 330.1401(1)(a). Therefore, the probate court did not abuse its discretion by relying on the psychiatrist's testimony to conclude, by clear and convincing evidence, that respondent was a person in need of treatment under MCL 330.1401(1)(a).

Second, the psychiatrist's testimony was clear and convincing in demonstrating that respondent was a person in need of treatment under MCL 330.1401(1)(b). Despite respondent's testimony that she could provide for herself, the psychiatrist testified that when respondent was hospitalized after she claimed that people were burning her with crack pipes, the lab results showed that respondent had low potassium and low hemoglobin. Although there were no fresh burns on respondent, she was still hospitalized because of concerns that she was not eating or that she was bleeding from somewhere. Because respondent has a history of not taking her medication, has refused to acknowledge that her medication could be the reason she is able to provide for herself, and has not been able to complete daily living activities in the past because of her mental illness, the probate court did not err by relying on the psychiatrist's testimony to conclude that respondent was a person in need of treatment under MCL 330.1401(1)(b).

Third, the psychiatrist's testimony was clear and convincing in demonstrating that respondent was a person in need of treatment under MCL 330.1401(1)(c). Respondent indicated that she did not believe that her medication was helping her complete her daily living activities and that she did not need her medication at all. The psychiatrist testified that respondent was unwilling to take her medication despite her history of paranoia and hallucinations, to the extent that she thought that she had snakes in her abdomen and she poured bleach around her home. This testimony showed respondent's "lack of understanding of the need for treatment" and "unwillingness to voluntarily participate in or adhere to treatment." MCL 330.1401(1)(c). Therefore, the probate court did not abuse its discretion by relying on the psychiatrist's and respondent's testimonies to conclude that clear and convincing evidence showed respondent was a person in need of treatment under MCL 330.1401(1)(c).

Respondent further argues that the probate court erred when it utilized the same facts from her initial order to petition for a second order in violation of MCL 330.1465. We disagree.

The probate court did not err when it considered the same set of facts in support of a second order. Respondent presents no authority that expressly prevents the probate court from considering the facts in their totality as they existed at the time of the second petition. Also, the probate court considered new facts as well, such as respondent's lack of adherence to a treatment plan and medication regimen over the past six months. Further, we defer "to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *Portus*, 325 Mich App at 397. Giving "broad deference" to the probate court's findings that the psychiatrist's testimony was credible and respondent required an order for treatment instead of voluntary participation because she had a history of purposefully not taking the correct medication, the probate court did not abuse its discretion when it considered the same facts in support of a second order. See *id*.

Lastly, respondent states that a Continuing Order for Mental Health Treatment was issued on June 12, 2024, before the present order expired on June 25, 2024, and she does not wish to be under any court order. However, the Continuing Order is not presently before this Court on appeal, so we cannot address it.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

-4-